IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| | § | Civil Action No. 4:04-CR-180 |
| v. | § § | |
| MARCO MAURICIO | § | JUDGE RON CLARK |
| *Defendant.* | § § § | |

**SENTENCING MEMORANDUM**

Defendant Marco Mauricio pled guilty to 14 counts of wire fraud, before Magistrate Judge Don Bush. United States District Judge Michael Schneider adopted the Magistrate Judge's Findings of Fact and Recommendation, and found Defendant guilty on all fourteen counts. The case was then transferred to the undersigned for sentencing.

At the sentencing hearing the court heard evidence and argument of counsel. Defendant objected to a recommendation in the Presentence Investigation Report for a two level adjustment pursuant to U.S.S.G. § 3B1.3 for abuse of a position of private trust or use of a special skill. As stated on the record, the objection was upheld. This resulted in a sentencing guideline offense level of 12 with a criminal history category of I, which resulted in a guideline custody range of ten to sixteen months. Neither the Government, nor the Defendant, filed a motion for a departure under the guidelines, although at the hearing, Defendant moved for a downward departure or variance, noting that the Guidelines were now advisory. *See United States v. Booker*, --- U.S. ----, 125 S. Ct. 738 (2005) ("*Booker/Fanfan*").

The court recognizes that the Sentencing Guidelines were promulgated pursuant to legislation passed by Congress, and are the result of input by the stakeholders in the criminal

justice system, study and research by the Sentencing Commission and its staff, and revisions based upon experience. Accordingly, while the Guidelines are now advisory, this court does not lightly vary from them. However, for the reasons stated in detail on the record, and for the additional reasons set out below, the court has determined that the Sentencing Guidelines do not, in this particular case, adequately address, nor take into consideration, certain sentencing factors set out by Congress in 18 U.S.C. § 3553(a). The court therefore has varied upward, and sentences Defendant to a term of twenty-four months.

A review of the history and characteristics of Defendant shows that he was a man of some education, in a job of substantial responsibility. He was intelligent and educated enough to concoct and operate his fraudulent scheme for a year before being caught. The nature and circumstances of the offense are set out in the indictment to which Defendant pled. By pleading to the indictment, Defendant admitted that he had he had stolen from his employer on fourteen different occasions, by using electronic mail to submit fraudulent requests for expense reimbursements. The amounts requested varied from $968.58 to $12,208.71. The total amount Defendant stole was $72,194.40.

This was clearly not a crime of passion nor of sudden impulse. It was not the result of an individual in hard circumstances making a wrong choice. Defendant made repeated conscious decisions, over a period of a year, to steal from an employer who trusted him and who, according to information supplied by Defendant, had promoted him to the position of supervisor.

The court must consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553 (a)(2)(A). The court must also consider the need to afford adequate deterrence to

criminal conduct. 18 U.S.C. §3553. The court concludes that a sentence of ten to sixteen months, as determined by application of the Sentencing Guidelines, would not meet these needs.

Economic theory of rational choices in the market place indicates that, while prison is not a job, many individuals would be glad to work for ten to sixteen months to earn over $72,000.00, especially if they thought there was a chance they could receive the money without working, i.e. in this case, without getting caught. Just because courts are often the scene of disputes between large corporations and millionaires, this should not blind judges to the fact that most citizens can only dream of an annual income of over $50,000 per year. Punishment should be sufficient to remove any economic incentive to commit crime.[1] The court concludes that the sentence of twenty-four months is necessary to reflect the seriousness of the crime, promote respect for the law, to provide just punishment, and to provide deterrence to criminal conduct.

Another factor to be considered is the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. This is the factor that is probably the strongest argument for the Guidelines, and generally they do an excellent job in avoiding such disparities. At the hearing the Court stated that this was one of the factors that justified a variance from the Guidelines. Counsel for Defendant argued forcefully that this factor was well accounted for by the Guidelines. Upon further review of U.S.S.G. § 3D1.2(d), which requires grouping of offenses, and of U.S.S.G. § 2B1.(b)(1)(E) which increases the range based upon the total stolen, the court concludes that the Guidelines do provide an arguably reasonable approach for avoiding unwarranted sentencing disparities in this case, even

---

[1] Of course any defendant in a theft or fraud case can argue that restitution has taken away his profit. But this is "after the fact" - after he was caught. The criminal justice system can not promote respect for the law by accepting "I gave it all back, nobody was harmed" as an excuse.

though Defendant stole from his employer fourteen times over the course of a year. The court concludes that counsel is correct, and this factor weighs in favor of a sentence within the guidelines. However, it does not weigh so heavily as to counterbalance the other factors discussed by the court.

Finally, the court considers the kinds of sentences available, 18 U.S.C. § 3553(a)(3), and the kinds of sentences and the sentencing range established by the Guidelines. 18 U.S.C. §(a)(4). Congress set the statutory range for this crime at not more than twenty years for each of the fourteen counts. 18 U.S.C. § 1343. Under the Guidelines, the high end of the range is sixteen months, or about thirty five days per theft. This does not seem to reflect the seriousness of a crime for which Congress set the penalty at up to twenty years per count. Even at a negligible two months per offense, Defendant could face more than two years under a purely statutory scheme.

Therefore, as stated on the record at the sentencing hearing, Defendant's sentence shall include a term of imprisonment of twenty-four months on each count of the indictment, each term

to run concurrently.[2]  The Judgment shall reflect this term, as well as the other provisions and conditions of the sentence, set out by the court at the sentencing hearing.

So **ORDERED** and **SIGNED** this **5**   day of **October, 2005.**

_____
Ron Clark, United States District Judge

---

[2]This sentence has not been devised as a departure under the Sentencing Guidelines.  The court recognizes that, in a sense, any sentence which is not within the Guideline range could be called a "departure."  However, the court's analysis in this case does not, and is not intended to, follow U.S.S.G. § 5K2.0(a).  The Guidelines do address multiple repetitions of fraud, and the amount involved.  The Guidelines do not take into consideration the way in which Defendant took advantage of his co-workers, his company, and its stockholders, even though his actions in falsifying expense accounts were not technically an abuse of a position of trust as defined by U.S.S.G. § 3B1.3.  This, in combination with the number of thefts, the total amount stolen, and the fact that Congress considers wire fraud serious enough to provide for a sentence of up to twenty years for each count, leads the court to conclude that the sentence should be greater than the Guideline recommendation.  It seems more intellectually honest to set out the analysis in terms of a variance from the advisory Guidelines, rather than a departure under the Guidelines.